UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
IMMIGRANT DEFENSE PROJECT, HISPANIC
INTEREST COALITION OF ALABAMA, and
THE CENTER FOR CONSTITUTIONAL
RIGHTS,

                               Plaintiffs,

                            14-CV-6117 (JPO)

                -v-

                            OPINION AND ORDER

UNITED STATES IMMIGRATION AND
CUSTOMS ENFORCEMENT and UNITED
STATES DEPARTMENT OF HOMELAND
SECURITY,

                              Defendants.
---------------------------------------------------------- X

J. PAUL OETKEN, District Judge:

       The Immigrant Defense Project, the Hispanic Interest Coalition of Alabama, and the Center for Constitutional Rights (collectively "Plaintiffs") brought this action against United States Immigration and Customs Enforcement ("ICE") and the United States Department of Homeland Security ("DHS") (together "Defendants") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, seeking information related to ICE's enforcement and arrest operations at homes and residences. (Dkt. No. 31 at 1.)

       Following initial discord over Defendants' production of records, the Court directed Defendants to produce documents on a rolling deadline. (Dkt. No. 15.) Pursuant to that order, Defendants produced approximately 8,500 pages of responsive documents. (Dkt. No. 38 at 1.) The parties then cross-moved for partial summary judgment on the adequacy of Defendants' search. This Court issued an Opinion and Order on September 23, 2016, granting in part and denying in part both parties' motions. *See Immigrant Def. Project v. U.S. Immigration & Customs Enforcement*, 208 F. Supp. 3d 520 (S.D.N.Y. 2016). Plaintiffs thereafter filed a motion

for reconsideration (*see* Dkt. No. 52), and a letter apprising the Court of additional developments (*see* Dkt. No. 62). For the reasons that follow, Plaintiffs' motion is granted.

**I.      Background**

Familiarity with the facts and history of this case is presumed. This Court's Opinion and Order of September 23, 2016, provides a detailed account. *See Immigrant Def. Project*, 208 F. Supp. 3d at 524-25.

As relevant to the pending motion for reconsideration, following the Court's directive that the Department of Homeland Security's Office of Public Affairs ("OPA") conduct additional searches, Defendants produced 366 pages of new documents that are responsive to Plaintiffs' FOIA request. (Dkt. No. 62 at 1.) Included in these documents are emails discussing enforcement operations and aggregating data related to arrests made at residences (so-called "home arrests"), including attributions to various field offices for carrying out these operations and arrests. (Dkt No. 62, Exs. 1, 2.)

These new documents provide a glimpse into the kind of data tracking and record-keeping at these field offices that was not previously known to Plaintiffs or this Court, due to Defendants' earlier failure to carry out the OPA searches, which this Court found at partial summary judgment to be contrary to the command of the FOIA.

**II.     Legal Standard**

"Motions for reconsideration are . . . committed to the sound discretion of the district court." *Wilder v. News Corp.*, No. 11 Civ. 4947, 2016 WL 5231819, at *3 (S.D.N.Y. Sept. 21, 2016) (quoting *Liberty Media Corp. v. Vivendi Universal, S. A.*, 861 F. Supp. 2d 262, 265 (S.D.N.Y. 2012)). While "a party may not advance new facts, issues or arguments not previously presented to the Court," *Steinberg v. Elkman*, No. 15 Civ. 278, 2016 WL 1604764, at

*1 (S.D.N.Y. Apr. 6, 2016) (quoting *Nat'l Union Fire Ins. Co. v. Stroh Cos.*, 265 F.3d 97, 115 (2d Cir. 2001)), reconsideration may be granted because of "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice," *Luv n' Care Ltd. v. Goldberg Cohen, LLP*, No. 15 Civ. 9248, 2016 WL 6820745, at *1 (S.D.N.Y. Nov. 10, 2016) (quoting *Hollander v. Members of the Bd. of Regents*, 524 Fed. App'x 727, 729 (2d Cir. 2013)).

As regards a defending agency's burden under the FOIA, as the Court explained in its earlier ruling on partial summary judgment, an agency must show that its search was "reasonably calculated to uncover all relevant documents." *Bloomberg L.P. v. Bd. of Governors of Fed. Reserve Sys.*, 649 F. Supp. 2d 262, 271 (S.D.N.Y. 2009), *aff'd*, 601 F.3d 143 (2d Cir. 2010). Plaintiffs, for their part, can defeat summary judgment in the agency's favor "by raising 'tangible evidence' that the agency's search was not complete." *Immigrant Def. Project*, 208 F. Supp. 3d at 527 (quoting *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994)). In order to make this showing, "Plaintiffs must aver specific evidence about a search's inadequacy; 'purely speculative claims about the existence and discoverability of other documents' are not enough." *Id.* (quoting *Adamowicz v. I.R.S.*, 402 Fed. App'x 648, 650 (2d Cir. 2010)).

### III. Discussion

At the partial summary judgment stage, the Court held that Plaintiffs' pointing to Defendants' failure to use certain search terms was inadequate to defeat summary judgment generally at the ICE Enforcement and Removal Operations ("ERO") field offices and the Homeland Security Investigations ("H.S.I.") Special Agent in Charge ("SAC") field offices. *See Immigrant Def. Project*, 208 F. Supp. 3d at 528. The Court carved out a narrow exception to this holding as regards these field offices: Defendants' use of certain plural search terms (which

would be exclusive of the singular form) could not be reasonably calculated to produce all relevant records. *Id.* at 529. As a result, the Court directed the field offices to carry out a narrow slate of additional searches.

But, in their latest submission to the Court, Plaintiffs point to "tangible evidence" of outstanding materials at the field offices in question, indicating that Defendants' earlier search of these offices was not complete. *See Carney*, 19 F.3d at 812. Specifically, Plaintiffs have submitted a chart listing immigration arrests based on type (including those at "residence[s]," the primary subject of Plaintiffs' FOIA requests) and the responsible field office (indicated by abbreviation). (*See* Dkt. No. 62, Ex. 1.) Contrary to Defendants' earlier representations to this Court (*see, e.g.*, Dkt. No. 41 ¶ 11), these new data strongly suggest that the field offices in question—which are responsible for investigating potential targets and conducting enforcement operations, including at homes (*see* Dkt. No. 1, Ex. 1; Dkt. No. 32, Ex. 3 ¶ 7)—in fact, collect and maintain at least some information on home arrests.

Defendants failed to produce these records from the field offices in question. Moreover, at the partial summary judgment stage, they claimed that they had discharged their duties under the FOIA and turned up all responsive data and documents, constructively denying the *existence* of such records—representations that the Court took seriously and relied upon in its earlier ruling. *See Immigrant Def. Project*, 208 F. Supp. 3d at 527.

Defendants make three arguments as to why the new revelations do not merit reconsideration of this Court's earlier holding.

First, Defendants argue that the new documents "cannot call into question the Field Offices' searches because they were not created until after those searches were complete." (Dkt. No. 64 at 1.) But this fact counsels for, rather than against, reconsideration. That is, if it is true

4

that the evidence of the relevant field offices' tracking and collecting the underlying data was not available in the form of discoverable agency records at the time of the earlier motion for partial summary judgment, all the more reason that the Court should consider this information to be "new evidence" and entertain a motion to reconsider. *Luv n' Care Ltd.*, 2016 WL 6820745, at *1 (quoting *Hollander*, 524 Fed. App'x at 729).

Second, Defendants argue that underlying documents or data at the field offices, and alluded to in the OPA records, are not within the scope of Plaintiffs' FOIA request. (Dkt. No. 64 at 2.) But, as this Court stated in its earlier Opinion and Order on partial summary judgment, "[a]n agency must 'construe [FOIA requests] liberally.'" *Immigrant Def. Project*, 208 F. Supp. 3d at 531 (second alteration in original) (quoting *Amnesty Int'l USA v. C.I.A.*, 728 F. Supp. 2d 479, 498 (S.D.N.Y. 2010)). To that end, Plaintiffs' request for "[a]ny and all" field office records "that contain data or statistical information indicating the number of home enforcement operations" should be read to include operations information of the type alluded to in the newly produced records. (Dkt. No. 1, Ex. 1 at 7.) In addition, "the agency has 'no right to resist disclosure because the request fails reasonably to describe records unless it has first made a good faith attempt to assist the requester in satisfying that requirement,'" *Immigrant Def. Project*, 208 F. Supp. 3d at 532 (quoting *Ruotolo v. Dep't of Justice*, 53 F.3d 4, 10 (2d Cir. 1995)), which Defendants have not demonstrated in connection with the requested data relating to home arrests at the relevant field offices. To the extent, then, that the wording in Plaintiffs' initial request fails to match Defendants' own labels, Defendants are obligated to work with Plaintiffs to turn up relevant records. This obligation, too—in light of the newly available evidence—points the Court toward reconsidering its previous holding and directing Defendants to provide assistance to Plaintiffs in their effort to locate responsive data and documentation.

5

Finally, Defendants contend that the existence of records at OPA does not, taken alone, indicate that the records searches carried out at the field offices were incomplete. (Dkt. No. 64 at 2.) While this may be true as a general matter, Plaintiffs' argument amounts to more than (what Defendants refer to as) mere "speculat[ion]." (*Id.*). Indeed, for the reasons discussed above, Plaintiffs point to a positive indication that Defendants collect, but failed to diligently search for, data sought by Plaintiffs in their FOIA request.

Defendants' arguments do not overcome their obligation under the FOIA to work with Plaintiffs to search for data and documents at their field offices. Returning to the relevant standard for a motion for reconsideration, the newly produced documents provide tangible evidence of record maintenance by the field offices that was not available to Plaintiffs at the time they filed for partial summary judgment. This evidence is newly available, *see Luv n' Care Ltd.*, 2016 WL 6820745, at *1, either because Defendants failed to search the DHS Office of Public Affairs until they were so directed by this Court, or because this data collection did not exist at the time of this Court's earlier ruling (but now does).

The Court therefore finds that this situation is one where reconsideration based on the "availability of new evidence" is warranted in order to prevent "manifest injustice," *id.*; after all, it appears it was, at least in part, Defendants' earlier unwillingness to carry out required searches that prevented Plaintiffs—and the Court—from considering this evidence earlier.

## IV. Conclusion

For the foregoing reasons, Plaintiffs' motion for reconsideration is GRANTED.

The parties shall confer and agree upon additional custodians and search terms for a further records search of the ERO and H.S.I. SAC field offices in question. *See Nat'l Day Laborer Org. Network v. U.S. Immigration & Customs Enf't Agency*, 877 F. Supp. 2d 87, 111–12

(S.D.N.Y. 2012) (directing the parties to "agree on search terms and protocols" and cautioning plaintiffs to "be reasonable in their demands"). The parties shall submit a joint proposal to the Court on or before June 23, 2017.

The Clerk of Court is directed to close the motions at Docket Number 52.

SO ORDERED.

Dated: May 16, 2017
       New York, New York

_____
J. PAUL OETKEN
United States District Judge